Citation Nr: 1532789 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 09-06 249 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to a total disability evaluation based upon individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Stephen M. Vaughn, Non-Attorney Agent


INTRODUCTION

The Veteran had active military service from January 1990 to November 1994, and from June 1996 to September 1996 with additional unverified periods of active duty for training and inactive duty for training as a member of the National Guard.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a March 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran asserts his service-connected disabilities prevent him from obtaining or maintaining gainful employment. He has recently filed a new claim for service connection for degenerative arthritis and an undiagnosed illness manifested by neuropsychological signs and symptoms, as well as an application to reopen a previously disallowed claim of service connection for sleep apnea. To date, the AOJ has not had an opportunity to adjudicate the Veteran's claims in the first instance. As these issues are not in appellate status, they are not within the Board's jurisdiction and must be referred to the AOJ for its consideration. See Godfrey v. Brown, 7 Vet. App. 398 (1995).

With respect to the claim for TDIU, the Court has held that all issues "inextricably intertwined" with an issue certified for appeal are to be identified and developed prior to appellate review. Harris v. Derwinski, 1 Vet. App. 180 (1991). In this case, the outcome of the Veteran's newly-filed claims may significantly affect his claim for TDIU, and thus, the TDIU claim is inextricably intertwined with these new claims. Therefore, the TDIU claim must be remanded to the AOJ in accordance with the holding in Harris to allow the AOJ to fully develop and adjudicate any outstanding claims.

Accordingly, the case is REMANDED for the following action:

1. Review the claims file and adjudicate any outstanding issues including, but not limited to, service connection for degenerative arthritis and an undiagnosed illness manifested by neuropsychological signs and symptoms, and the application to reopen a previously disallowed claim of service connection for sleep apnea. See July 2015 VA Form 21-526EZ. All appropriate procedures should then be followed.

2. Following the above, review the expanded record and accomplish any other development deemed necessary with regards to the Veteran's claim for TDIU, to include medical examinations and/or opinions.

3. Readjudicate the Veteran's claim for TDIU based on the entirety of the evidence. If the benefits sought on appeal are not granted to the appellant's satisfaction, he and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
CHRISTOPHER MURRAY
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).